IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GLENN TURNBO,

    Petitioner,

    v.

WARDEN D. HUDSON,

    Respondent

Case No. 22-3075-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a federal prisoner, challenges the calculation of his sentence, claiming he was improperly denied credit for his pretrial detention. For the reasons that follow, the court denies relief.

### Background

Petitioner is serving a federal sentence of 120 months for Possession of a Firearm by a Convicted Felon.

On December 17, 2012, petitioner was arrested by Bell County, Texas, authorities on charges of Possession of a Controlled Substance Four Grams or More but Less than 200 Grams. He was conditionally released on January 24, 2013, under a plea agreement in that matter, Case No. 70733.

On January 9, 2014, petitioner again was arrested by state authorities on drug-related matters and was detained under Bell County Case No. 70733. Although no new state charges resulted from this arrest, the events form the basis of petitioner's federal conviction.

On February 11, 2014, an indictment against petitioner was filed in the United States District Court for the Western District of Texas in Criminal No. W14CR036.

On February 13, 2014, petitioner was transferred to federal custody under a writ of habeas corpus ad prosequendum. On June 18, 2014, he was sentenced in the Western District of Texas to a 120-month term. The sentencing judge did not reference the petitioner's pending state case.

On June 26, 2014, petitioner was returned to the custody of state authorities, and a detainer was lodged with the State of Texas for service of the federal sentence.

On September 4, 2014, petitioner was sentenced in the 27th District Court of Bell County, Texas, to a term of 8 years in the Texas Department of Criminal Justice (TDCJ).

On June 5, 2018, the TDCJ released petitioner to mandatory supervision. On the same day, petitioner was placed into exclusive federal custody.

## Discussion

A petition for habeas corpus under § 2241 "is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Relief may be granted where the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner challenges the Bureau of Prisons (BOP)'s calculation of his sentence. Two federal statutes govern this process. First, 18 U.S.C. § 3584 allows a federal sentencing court to impose a sentence that runs either consecutively or concurrently to another sentence.

Section 3584(a) provides:

(a) Imposition of concurrent or consecutive term. – If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple

> terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

Accordingly, a federal court generally has the discretion to impose a federal sentence that is consecutive to, or concurrent with, an undischarged term.

Next, 18 U.S.C. § 3585 controls the computation of a federal sentence. The BOP first determines the commencement date of the sentence and then considers whether the prisoner may receive credit for time spent in custody prior to that date.

Section 3585 provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

   (1) as a result of the offense for which the sentence was imposed; or

   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

Because the federal sentencing court did not order concurrent service of petitioner's federal and state sentences, his federal sentence is running consecutively to his state sentence, as contemplated by 18 U.S.C. § 3584(a).

3

Next, in compliance with 18 U.S.C. § 3585(a), the BOP commenced petitioner's federal sentence on June 5, 2018, upon his release from state custody and transfer to exclusive federal custody.

Under 18 U.S.C. § 3585(b), a prisoner is entitled to credit on his sentence for time spent in detention prior to the time of the commencement of sentence only where that detention has not been credited against another sentence.

Petitioner received 146 days of pre-sentence time credits on his state sentence, from December 17, 2012, to January 24, 2013; from January 9, 2014, to February 13, 2014; and from June 26, 2014, to September 4, 2014.

The TDCJ also credited petitioner with the period from February 14, 2014, to June 25, 2014, during his custody under the federal writ. *See Binford v. United States,* 436 F.3d 1252, 1256 (10th Cir.2006) (sentence begins when a defendant is received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims). Accordingly, none of this time may be credited to petitioner's federal sentence.

On December 13, 2020, petitioner requested a Nunc Pro Tunc designation, seeking the designation of a state institution for service of his federal sentence. Under 18 U.S.C. § 3621(b), the BOP may make such a designation, which effectively allows the sentences to run concurrently. The BOP then sent a letter to the federal sentencing court seeking its position on whether the retroactive designation of a state institution should be made to allow the concurrent service of the petitioner's federal sentence. There has been no response. However, respondent notes that a review of the PACER Docket report for petitioner's federal criminal case, Case No. 6:14-cr-00036-LY-1, shows an entry for a motion for federal sentence to run concurrent with

4

state sentence filed by petitioner on June 1, 2015, and a denial of this motion by Judge Walter S. Smith by a text order on April 6, 2016. The court finds that the record shows the sentencing court intended the petitioner's federal sentence to be served consecutively to his state sentence.

In addition, the BOP reviewed petitioner's case under the factors identified in 18 U.S.C. § 3621(b)[1] and found that a retroactive designation was not appropriate. *See Dotson v. Kizziah*, 966 F.3d 443, 445 (6th Cir. 2020)(stating that the BOP must make a designation decision based on its review of the factors under 18 U.S.C. § 3621(b) when a federal district court sentences before a state that has primary jurisdiction, and the federal judgment is silent).

Under the BOP's calculations, petitioner's federal sentence commenced on June 5, 2018, with 540 days of earned and projected good conduct time credit (GCT). He currently has a projected statutory release date of December 12, 2026.

Finally, in his traverse, petitioner argues for the first time that he is entitled to relief under § 5G1.3(b) of the United States Sentencing Guidelines. To the extent petitioner argues error in his federal sentence, he presents a challenge to the validity of his sentence rather than its execution. Such a challenge must be presented under 28 U.S.C. § 2255. *See Eldridge v. Oliver*, No. 15–cv–02503–GPG, 2016 WL 815354, at *2 (D. Colo. March 2, 2016) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Where the alleged errors occurred at or prior to sentencing, the appropriate remedy is § 2254 and not § 2241")).

## Conclusion

---

[1] These factors include "the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons." 18 U.S.C. § 3621(b).

The court has considered the record and finds no error. The BOP correctly determined that petitioner was not entitled to time credited to his Texas state sentence, including the time spent in custody under the writ of habeas corpus ad prosequendum. Likewise, there is ample authority that the federal sentencing court's silence requires the consecutive service of the petitioner's federal and state sentences under the governing statutes. Finally, the court finds no error in the decision of the BOP to deny a nunc pro tunc designation for service of petitioner's federal sentence.

THE COURT THEREFORE ORDERS that the petition for habeas corpus is dismissed and all relief is denied.

IT IS SO ORDERED.

Dated: June 23, 2022                                  /s/ John W. Lungstrum
                                                      JOHN W. LUNGSTRUM
                                                      UNITED STATES DISTRICT JUDGE